**Paramjit Singh SIDHU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73739.

Agency No. A95–599–611.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

Inna Lipkin, Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, Tracie L. Brown, Office of the U.S. Attorney, San Francisco, CA, for Respondent.

Before CANBY, BEEZER and KOZINSKI, Circuit Judges.

MEMORANDUM**

Paramjit Singh Sidhu, a native and citizen of India, petitions for review of the Board of Immigration Appeals' decision summarily affirming the Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility decision because petitioner's testimony was internally inconsistent and inconsistent with the asylum officer's assessment regarding details of two

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

of his encounters with the police. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). Also, Sidhu's testimony that he was arrested three times is undermined by his father's affidavit, which does not mention any of the arrests. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir.2000) (stating that documents submitted by petitioner which contradict petitioner's testimony may form the basis for an adverse credibility finding). Finally, the IJ's finding that Sidhu was unresponsive to questions regarding his first arrest supported the adverse credibility finding. *See Singh v. Ashcroft*, 301 F.3d 1109, 1114 (9th Cir. 2002) (requiring specific evidence in the record to support a finding of unresponsiveness).

Because Sidhu failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Sidhu's claim under the CAT is based on the same testimony that the IJ found not credible, and he points to no other evidence that he could claim the IJ should have considered in making its determination under CAT, his CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**